J-S35035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLINTON HITNER, | |
| Appellant | No. 45 EDA 2015 |

Appeal from the PCRA Order November 17, 2014
in the Court of Common Pleas of Bucks County
Criminal Division at Nos.: CP-09-CR-0002015-2004;
CP-09-CR-0002016-2004

BEFORE:  MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                                    **FILED JUNE 02, 2015**

Appellant, Clinton Hitner, appeals *pro se* from the order dismissing his fifth serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the relevant factual and procedural history of this case from the PCRA court's February 9, 2015 opinion and our independent review of the record.  On February 11, 2005, following a five-day trial, a jury found Appellant guilty of two counts each of rape, kidnapping,[1] and related offenses.  Appellant's conviction stems from his abduction and brutal rape of two women, L.H. and J.S., in January of 2004.  On October 6, 2005,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(a) and 2901, respectively.

following a hearing, the trial court sentenced Appellant to an aggregate term of not less than forty nor more than eighty years' imprisonment. The court also determined that Appellant is a sexually violent predator pursuant to Pennsylvania's Megan's Law III.[2]

Appellant filed a direct appeal, and this Court affirmed the judgment of sentence on October 27, 2006. (**See Commonwealth v. Hitner**, 910 A.2d 721 (Pa. Super. 2006)). Our Supreme Court denied Appellant's petition for allowance of appeal on May 22, 2007. (**See Commonwealth v. Hitner**, 926 A.2d 441 (Pa. 2007)). It denied Appellant's application for reconsideration of the petition for allowance of appeal on June 22, 2007. (**See id.**).

On March 28, 2008, Appellant, acting *pro se*, filed a timely first PCRA petition. The PCRA court held a hearing and denied the petition by order entered November 26, 2008. Appellant filed an appeal with this Court, and we remanded the case with instructions to the PCRA court to conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). The PCRA court held a hearing at which Appellant confirmed his desire to proceed without counsel. The court determined that Appellant's waiver of counsel was knowing, voluntary, and intelligent. On December 6, 2010, this Court affirmed the order denying his PCRA petition. (**See Commonwealth**

_____

[2] **See** 42 Pa.C.S.A. §§ 9791-9799.8 (expired).

*v. Hitner*, 23 A.3d 568 (Pa. Super. 2010) (unpublished memorandum)). On December 20, 2010, before Appellant's time for filing a petition for allowance of appeal in our Supreme Court expired, he filed another *pro se* PCRA petition. The PCRA court did not rule on this petition, or its subsequent amendments, based on *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000).

On September 2, 2014, Appellant filed the instant *pro se* PCRA petition. On October 28, 2014, the PCRA court issued notice of its intent to dismiss the petition without a hearing, *see* Pa.R.Crim.P. 907(1), stating that the petition is untimely with no enumerated exception proven. (*See* Rule 907 Notice, 10/28/14, at unnumbered pages 1-2). Appellant did not respond. On November 17, 2014, the court entered its order denying the petition. This timely appeal followed.[3]

Appellant raises the following issues for our review:

> 1) Did the [PCRA] court . . . abuse [its] discretion in denying e [sic] evidentiary hearing on new trial [PCRA] petition based on ineffective assistance of counsel, prosecutorial misconduct, actual innocence, governmental interferences when claims were supported by adequate factual specification "[]beyond bald speculations[]"[?]
>
> 2) Did the [PCRA] court . . . abuse [its] discretion in denying evidentiary hearing on new trial [PCRA] petition when witnesses against [Appellant] provided what is proven to be false testimony[]

---

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). The court filed an opinion on February 9, 2015. *See* Pa.R.A.P. 1925(a).

an[d] no physical evidence against [Appellant] existed to support the claims of rape[?]

3)      Would any reasonable juror found [sic] [Appellant] guilty of rape if the prosecutor did not provide the juror's [sic] with misstatement's [sic] of evidence and inflammatory remark's [sic] and if the [trial] court did not withhold [crucial] evidence from the juror's [sic] proposed answer[]?

4)      Did the [PCRA] court abuse it's [sic] discretion by time barring [A]ppellant's [PCRA] petition when a sentencing order has not been issued[?]

5)      Can the appeal time tolling clock start to run before the sentencing order is issued for said cases[?]

6)      Did the [trial court] . . . abuse [its] discretion by withholding the closing arguments from . . . [A]ppellant and then destroying the notes of said arguments without ever transcribing them first[?]

(Appellant's Brief, at 5-6).[4]

> Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

_____

[4] Although Appellant purports to raise six issues in his statement of the questions involved, his argument section is comprised of only three issues, in violation of Pennsylvania Rules of Appellate Procedure 2116(a) and 2119(a).  Specifically, in the argument section, he asserts: "[1] Appellant was denied [a]n effective and [constitutionally] sound appeal[] when parts of the trial notes were destroyed by the [trial] court without ever being transcribed[;] [2] Appellant was denied the effective assistance of counsel at trial, during closing arguments [and] at all other meaningful points of appellant [sic] review[;] [and 3] [Appellant's] Equal Protection [rights] were violated when the [trial] court . . . abuse[d] [its] discretion by withholding evidence from the juror's [sic] which proved Appellant's actual innocence of these crimes of rape."  (Appellant's Brief, at 12, 16, 24) (some capitalization omitted).

***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations and quotation marks omitted).

"[W]e must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In the instant case, Appellant's judgment of sentence became final on September 20, 2007, when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** U.S. Sup.Ct. R. 13(1), (3); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date

to file a petition for collateral relief, specifically, until September 22, 2008.[5]

**See** 42 Pa.C.S.A. § 9545(b)(1).  Because Appellant filed the instant petition on September 2, 2014, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar.  **See id.** at § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

**Id**.  "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition."  **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).  In

---

[5] The last day of the one-year period, September 20, 2008, fell on a Saturday.  Accordingly, Appellant had until that Monday to file a petition for writ of *certiorari.*  **See** 1 Pa.C.S.A. § 1908.

addition, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Our Supreme Court "has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Hawkins**, 953 A.2d 1248, 1253 (Pa. 2006) (citation omitted). Therefore, an appellant must acknowledge that his PCRA petition is untimely, and demonstrate that one or more of the statutory exceptions applies. **See Commonwealth v. Wharton**, 886 A.2d 1120, 1125-26 (Pa. 2005).

Here, the Commonwealth contends that Appellant has failed to raise, plead, or establish any valid exception to the PCRA's timeliness requirements. (**See** Commonwealth's Brief, at 19-20). After review of the record, we agree. Appellant's brief largely consists of a rambling, often incoherent series of allegations of trial court error, prosecutorial misconduct, and ineffective assistance of counsel. (**See** Appellant's Brief, at 12-31). He does not acknowledge that his PCRA petition is facially untimely, or attempt to demonstrate the applicability of any of the enumerated time-bar exceptions. (**See id.**). Accordingly, we conclude that Appellant has not met his burden of proving his untimely petition fits within one of the three limited exceptions to the PCRA's time-bar. **See Jones**, **supra** at 17. The PCRA court properly dismissed Appellant's petition as untimely with no exception to the time-bar pleaded or proven.

- 7 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/2/2015